**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TRUSTEES OF THE HEATING, PIPING AND REFRIGERATION PENSION FUND, *et al.*,** | * | |
| Plaintiffs, | * | |
| v. | * | **Civil No. TJS-25-2944** |
| **IRONCLAD MECHANICAL CORPORATION,** | * | |
| Defendant. | * | |

* * * * * *

**MEMORANDUM AND ORDER**

Pending before the Court is the Plaintiffs' Motion to Strike Affirmative Defenses from Defendant's Answer ("Motion") (ECF No. 19)..[1] Having considered the Motion and the parties' other submissions (ECF Nos. 23 & 29), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. Introduction

Plaintiffs filed this lawsuit to recover unpaid contributions, interest, liquidated damages and reasonable attorney's fees and costs pursuant to Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Plaintiffs allege that Defendant Ironclad Mechanical Corporation ("Ironclad") is an employer in the pipefitting and steamfitting

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the United States Court of Appeals for the Fourth Circuit, if an appeal is filed. ECF Nos. 25, 26, & 28.

industry. Plaintiffs move to strike all affirmative defenses asserted by Ironclad in its Answer (ECF No. 17). ECF No. 19.

## II. Discussion

### A. Legal Standard

Rule 8(b) requires a party responding to a pleading to "state in short and plain terms its defenses to each claim" and "admit or deny the allegations asserted against it." Fed. R. Civ. P. 8(b)(1). "Federal Rule of Civil Procedure 12(f) permits a district court, on motion of a party, to 'order stricken from any pleading any insufficient defense.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting Fed. R. Civ. P. 12(f)). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Id.* (citation and internal quotation marks omitted).

The decision whether to strike an affirmative defense is discretionary and courts generally refrain from striking affirmative defenses absent a showing that not doing so would unfairly prejudice the movant. *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 592 (D. Md. 2013) (citing *Certain Underwriters at Lloyd's, London v. R.J. Wilson & Assocs., Ltd.*, No. CCB–11–1809, 2012 WL 2945489, at *5 (D. Md. July 17, 2012) (citations omitted)).

### B. Pleading Standard for Affirmative Defenses

The judges of this Court are split on the question of whether the *Iqbal-Twombly* pleading standard for claims also applies to affirmative defenses.[2] The Fourth Circuit has not decided the

[2] Applying the fair notice standard, *see, e.g.*, *Brown v. Baltimore County*, No. ABA-23-106, 2025 WL 35934, at *2 (D. Md. Jan. 6, 2025) (Abelson, J.); *Baron v. Directv, LLC*, 233 F. Supp. 3d 441, 444 (D. Md. 2017) (Bredar, J.); *Lockheed Martin*, 973 F. Supp. at 594 (Williams, J.); *Sprint Nextel Corp. v. Simple Cell, Inc.*, No. CCB-13-617, 2013 WL 3776933, at *9 (D. Md. July 17, 2013) (Blake, J.). Applying the plausibility standard, *see, e.g.*, *Small Bus. Fin. Sols., LLC v. Cavalry,*

issue. In the context of this case, the Court is persuaded that the fair notice standard is appropriate and more consistent with the plain language of Rule 8 and the Fourth Circuit's standard for evaluating motions to strike under Rule 12(f). *See Baron v. Directv, LLC*, 233 F. Supp. 3d 441, 443-44 (D. Md. 2017); *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) ("[A]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.") (citation omitted); *see also Greenberger v. Bober, Markey, Fedorovich & Co.*, 343 F.R.D. 375, 377 (N.D. Ohio 2023) ("Although any number of policy-based reasons might suggest a different approach, the language of the Rules does not require pleading defenses in the same manner as the allegations of a complaint.").

**C. Analysis**

Ironclad asserts the following 14 affirmative defenses:

> 1. The Plaintiffs' ability to recover is barred by their failure to state a claim for which relief can be granted.
>
> 2. The Plaintiffs' ability to recover is further barred by their failure to provide the benefits they allege were conferred [upon] the Defendant.
>
> 3. The Plaintiffs' ability to recover is further barred by:
> a. Accord and Satisfaction;
> b. Duress;
> c. Estoppel;
> d. Failure of Consideration;
> e. Fraud;
> f. Illegality;
> g. Laches;
> h. Payment;
> i. Release;
> j. Statute of Frauds;

---

*LLC*, No. DKC-22-1383, 2023 WL 284449, at *9 (D. Md. Jan. 18, 2023) (Chasanow, J.); *Jones v. Aberdeen Proving Ground Fed. Credit Union*, No. ELH-21-1915, 2022 WL 2703825, at *5 (D. Md. July 12, 2022) (Hollander, J.); *Blind Indus. & Servs. of Md. v. Route 40 Paintball Park*, No. SAG-11-3562, 2012 WL 2946688, at *3 (D. Md. July 17, 2012) (Gallagher, J.); *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 536-37 (D. Md. 2010) (Bennett, J.); *Titan Sys., LLC v. SRI Int'l*, 787 F. Supp. 3d 72, 78 (D. Md. 2025) (Griggsby, J.).

k. Statute of Limitations; and
l. Waiver.

ECF No. 17 at 3-4.

Plaintiffs argue that only three defenses are available to defendants in § 515 claims: (1) the pension contributions themselves are illegal; (2) the collective bargaining agreement is void *ab initio*, as there is fraud in the execution, and not merely voidable, as in the case of fraudulent inducement; and (3) the employees have voted to decertify the union as its bargaining representative, thus prospectively voiding the union's collective bargaining agreement. *Trustees of the Heating, Piping and Refrigeration Pension Fund v. Brother's Mechanical, Inc.*, No. LKG-25-962, 2026 WL 1190830, at *5 (D. Md. May 1, 2026) (citing *Agathos v. Starlite Motel*, 977 F.2d 1500, 1505 (3d Cir. 1992)). Additionally, Plaintiffs contend that the Court should strike Ironclad's affirmative defenses because they are deficiently pleaded, Affirmative Defense #2 intentionally confuses the issues before the Court, and Affirmative Defense #1 is not an affirmative defense and is redundant.

Ironclad argues that its affirmative defenses all center on Plaintiffs' failure to provide the benefits for which they now seek payment, and that Plaintiffs have been on notice of this defense since Ironclad filed its *pro se* Answer (ECF No. 9-1). Ironclad contends that if its defenses are not adequately pleaded, the Court should grant it leave to amend its Answer.

The Plaintiffs' Motion overlooks an important point. The Complaint does not exclusively assert claims under § 515. Count II seeks to enforce obligations arising under certain collective bargaining agreements, for which Plaintiffs apparently invoke § 301 of the LMRA, 29 U.S.C. § 185(a). ECF No. 1 at ¶¶ 13, 22-26. One of the plaintiffs in Count II is Steamfitters Local Union No. 602. *Id.* The Complaint alleges that this plaintiff "is an unincorporated labor organization, as that term is defined in Section 2(5) of [the LMRA], 29 U.S.C. § 152(5)." *Id.* ¶ 9. The Complaint

does not allege that this plaintiff is a multiemployer employee benefit plan under ERISA.[3] This distinction is important because the limitations on affirmative defenses recognized under § 515 do not govern independent claims to enforce collective bargaining agreements under the LMRA. *See generally Agathos*, 977 F.2d at 1509 (recognizing that ordinary contract law principles, including waiver and modification, applied to a union's claim for unpaid dues under the LMRA, notwithstanding the limited defenses available under the § 515 claim raised in another count of the complaint); *see also Trs. of the Plumbers & Gasfitters Loc. 5 Ret. Sav. Fund v. Phenix Plumbing, Inc.*, No. TDC-15-2299, 2016 WL 3461191, at *3 (D. Md. June 21, 2016) (distinguishing claims brought on behalf of ERISA benefit plans from claims asserted by a union and two non-ERISA funds alleging the violation of collective bargaining agreements). The parties do not address whether the challenged defenses might be available for Count II, even if they are unavailable for Count I. Because Plaintiffs have not established that Ironclad's affirmative defenses are legally unavailable in the action as a whole, the Court declines to strike them on that basis.

The Court declines to expend its limited resources parsing which defenses may be available to Ironclad for which claims. Plaintiffs have not identified actionable prejudice that would result from the Defendant's pleading of its defenses at this early stage of litigation. *See, e.g.*, *Lockheed Martin*, 973 F. Supp. 2d at 594 (denying motion to strike affirmative defense because "Plaintiff has identified no prejudice that would result from the Court's consideration of [Defendant's affirmative defense], except perhaps the prejudice that litigants faced with meritorious [affirmative defenses] invariably incur" (citations omitted)). The prejudice alleged by Plaintiffs concerns the burden of taking discovery to develop more information regarding the affirmative defenses. If

[3] Nor does it allege that the other two plaintiffs included in Count II are multiemployer employee benefit plans under ERISA. ECF No. 1 at ¶¶ 7-8.

Plaintiffs wish to probe the bases for Ironclad's affirmative defenses, they need not engage in "costly and time-consuming discovery." *Stewart v. Prop. Payroll, LLC*, No. CV 26-440 (JEB), 2026 WL 2123223, at *3 (D.D.C. July 23, 2026). This is because, with discovery still open, Plaintiffs could propound "a simple interrogatory asking Defendants for the basis of their affirmative defenses." *Id.*

Some comment on a few of the affirmative defenses is warranted. Affirmative Defense #1 ("The Plaintiffs' ability to recover is barred by their failure to state a claim for which relief can be granted.") is not an affirmative defense, but there is no reason to strike it simply because it is mislabeled. Ironclad is permitted to raise this defense at any of the times listed in Rule 12(h)(2). Even if the Court struck the defense, Ironclad would be able to raise it again later in this case.

Additionally, two of the affirmative defenses are clearly insufficient, even under the Court's more lenient reading of what is required under Rule 8(b).

Affirmative Defense #2 ("The Plaintiffs' ability to recover is further barred by their failure to provide the benefits they allege were conferred [upon] the Defendant.") is not available to Ironclad for Count I, and almost certainly not available for Counts II or III either. As pleaded, Ironclad's contractual obligations to remit the payments required by the collective bargaining agreements were not contingent on Plaintiffs furnishing certain benefits. Because this defense has no apparent relationship to any of the pending claims, the Court will strike it.

Affirmative Defense #3(e) lists "fraud." ECF No. 17 at 4. The Fourth Circuit has held that Rule 9(b)'s requirement that a party must "state with particularity the circumstances constituting fraud or mistake" applies to affirmative defenses. *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 704 (4th Cir. 2018). Ironclad does not state with

particularity the circumstances of its affirmative defense of fraud. Accordingly, the Court will strike the defense.

Ordinarily, a party should be afforded an opportunity to amend a stricken affirmative defense when the deficiency may be cured. *See Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 463 (D. Md. 2014); *Small Bus. Fin. Sols., LLC v. Cavalry, LLC*, No. DKC-22-1383, 2023 WL 284449, at *11 (D. Md. Jan. 18, 2023). Because amendment may not be futile, and because Ironclad has not previously been afforded an opportunity to cure the deficiencies in Affirmative Defenses #2 and #3(e), Defendant will be permitted to move for leave to amend the affirmative defenses within 14 days of the date of the Court's Order. Ironclad must explain to which claims the proposed amended affirmative defenses might apply and state the legal and factual basis for each defense. For fraud, Ironclad must comply with Rule 9(b).

The Motion is denied as to Ironclad's other affirmative defenses. Considering Plaintiffs' allegations in Count II, and because the parties did not address this issue, the Court is unable to find that these defenses are unavailable to Ironclad. The Court expresses no view on the ultimate merit of these affirmative defenses; and the limitations on affirmative defenses imposed by § 515 apply to Count I. Plaintiffs are free to challenge the legal sufficiency of these affirmative defenses through a motion for summary judgment at the appropriate time (although the Court believes any further briefing on this issue before that time is unnecessary).

## III. Conclusion

For the reasons stated, the Motion to Strike (ECF No. 19) is **GRANTED IN PART** and **DENIED IN PART**. Affirmative Defenses #2 and #3(e) are **STRICKEN**. Ironclad may move for leave to amend its Answer within 14 days from the date of this Memorandum and Order. The Motion is denied in all other respects.

Date: October 26, 2026

/s/

Timothy J. Sullivan
Chief United States Magistrate Judge